# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                       )
KEITH R. DOUCETTE,                     )
    Petitioner,                        )
                                       )         **CIVIL ACTION**
    vs.                                )         **NO. 13-40029-TSH**
                                       )
CHRISTINE VERDINI,                     )
    Respondent,                        )
_____)


## Memorandum Of Decision
### June 17, 2013


**HILLMAN, D.J.**


## Background

    Keith R. Doucette ("Doucette" or "Petitioner") has filed a petition under 28 U.S.C. §

2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1)("Petition")

alleging three grounds for relief.   Specifically, Petitioner asserts the following claims in his

Petition[1]:

> Ground One:   At the sentencing for violation of his probation, the judge
> considered matters relating to the original conviction for OUI
> manslaughter/serious bodily injury which resulted in multiple punishments for the
> same offense in violation of the Fifth Amendment's Double Jeopardy Clause; and

> Ground Two: The judge imposed an unlawful sentence for violation of probation
> in that he gave undue weight to the violation of probation.

---

[1]   Because the Petitioner is proceeding *pro se,* his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

This Memorandum of Decision addresses Respondent's Motion To Dismiss Petition For Writ Of Habeas Corpus as Time-Barred (Docket No. 27).

## **Discussion**

Respondent has filed a motion to dismiss the Petition as time barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d)(1), *et seq.*, which requires a state prisoner to file his federal habeas petition within one year of the date on which his state conviction becomes final. Doucette has not filed an opposition to the motion.

Effective April 24, 1996, the statutes governing habeas corpus petitions for prisoners in state and federal custody were amended by the AEDPA to impose a one year statute of limitations period on the filing of all non-capital habeas petitions in federal courts. *See* 28 U.S.C. §2244(d)(1); *see also Zuluaga v. United States*, 971 F.Supp. 616 (D.Mass. 1997). In general, for prisoners in state custody, the limitations period begins to run on "the date which the judgment becomes final by conclusion of direct review or the expiration of the time for such review." 28 U.S.C. §2244(d)(1)(a). On January 13, 2006, Doucette's probation was revoked and a sentence of nine to twelve years in prison was imposed. Doucette filed multiple collateral motions, but acknowledges in his Petition, that he did not file a direct appeal of his sentence.

The Respondent's supporting memorandum sets out the factual and procedural background of this case in detail and includes a comprehensive discussion of the applicable legal standards. Based on the legal arguments set forth in the Respondent's memorandum, which I

adopt, I find that Doucette's Petition is barred by the AEDPA's one year statute of limitations and therefore, must be dismissed. [2]

## Conclusion

It is Ordered that:

Respondent's Motion to Dismiss Petition For Writ Of Habeas Corpus As Time-Barred (Docket No. 27) is *allowed.*

*/s/ Timothy S. Hillman*_____
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

---

[2] Because they are essentially dispositive of the statute of limitations issue, I want to highlight the following aspects of the Respondent's argument: The Appellate Division of the Superior Court of Massachusetts is not an appellate court within the meaning of the Massachusetts Rules of Appellate Procedure. *See Mass.R.A.P.* 1(c) and *Guerrero v. Spencer*, No. Civ.A. 04-CV-11763-RG, 2005 WL 768653 (Apr. 6, 2005). Therefore, Doucette's appeal to that court did not toll the running of the statue of limitations. Furthermore, the Massachusetts Appeals Court affirmed the trial court's finding that Doucette's motion for "reconsideration," was untimely and therefore, barred. *See Commonwealth v. Doucette*, No. 07-P-423, 2008 WL 161362 (Mass.App.Ct. Jan. 17, 2008)(judge properly treated untimely motion for reconsideration as motion to revise and revoke sentence pursuant to Mass.R.Crim.P. 29, which was also untimely; to the extent defendant sought a motion for new trial under Mass.R.Crim.P. 30, although such motion may be brought at any time, it cannot be used to challenge an order which is subject to direct appeal—because defendant did not file direct appeal, it is barred and court will not review the motion on the merits). Accordingly, these filings did not toll the running of the statue of limitations and therefore, Doucette had to file his Petition in this Court by February 12, 2007.